**UNITED STATES of America,**

v.

**Edward NESGODA, Appellant.**

No. 04–2277.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 19, 2005.

Decided July 28, 2005.

Christy H. Fawcett, Office of United States Attorney, Harrisburg, PA, for United States of America.

Thomas A. Thornton, Ronald A. Krauss, Office of Federal Public Defender, Harrisburg, PA, for Edward Nesgoda.

Before: ALITO, MCKEE and SMITH, Circuit Judges.

## OPINION

MCKEE, Circuit Judge.

Edward Nesgoda appeals his sentence, arguing that the District Court erred in applying an obstruction of justice enhancement under the Sentencing Guidelines. He also contends that the District Court erred in refusing to allow impeachment of a witness at the sentencing hearing in violation of the Fifth Amendment to the United States Constitution and the Confrontation Clause of the Sixth Amendment. For the reasons that follow, we will remand for resentencing pursuant to the Supreme Court's recent pronouncements in *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

## I.

Because we write primarily for the parties, it is not necessary to recite the facts or procedural history of this case except insofar as may be helpful to our brief discussion. Nesgoda was indicted under an eight count Indictment charging him with creating a risk of bodily injury by destroying property in violation of 26 U.S.C. §§ 5861(d) and (f), and possession of unregistered destructive devices in violation of 26 U.S.C. §§ 5861(d) and (f). After he was indicted, he called Alma Basso from prison after he discovered that she had cooperated with law enforcement agents. According to Basso, Nesgoda told her that he did not want her to testify and that his prison friends were going to do a

"job" on her. He also stated that he was going to "get" her and that she was going to "pay." In addition, Nesgoda sent Basso six letters from prison in which he instructed her to "be smart and take the 5th" and to tell agents that the firearms belonged to his co-defendant. He wrote: "whatever you could do to help would be appreciated" and instructed her to tell investigators that he is "sick" and "has a depression problem."

Thereafter, a five count Superceding Indictment was filed, and Nesgoda eventually pled guilty to Count Two of that Superceding Indictment. That count charged him with possession of unregistered destructive devices. A presentence report was prepared, and Nesgoda filed objections to it. This appeal involves his objection to the report insofar as it recommended a two level increase for obstruction of justice.

Nesgoda's Base Offense Level under the Guidelines was 22 because the instant offense involved destructive devices and Nesgoda had a prior conviction for a crime of violence. The District Court added six levels because the offense involved between 25 and 99 destructive devices and another two levels because the offense involved destructive devices. Nesgoda also received an additional two level increase for obstruction of justice because of his telephone call to Basso, the six letters he gave Basso that contained instructions on how to deal with authorities, and Nesgoda's statements to another inmate that he intended to blow up the courthouse and to track down specified witnesses and law enforcement agents to "make them pay."

Based on a total Offense Level of 32 and a Criminal History Category of III, the Guideline sentencing range was 151–188 months incarceration. However, because the statutory maximum penalty for the offense of possession of destructive devices is ten years, the range was determined to

be 120 months. Accordingly, the District Court sentenced Nesgoda to the statutory maximum term of 120 months incarceration, and this appeal followed.

## II.

Nesgoda first claims that the District Court erred when it refused to allow him to use an answering machine recording to impeach Basso. Nesgoda asserts that the contents of this tape would impeach Basso because they would show Basso's personal bias against him. The government objected to the introduction of the tape on the grounds that, assuming the tape was made in 2000 or 2001 as was asserted by Nesgoda's counsel, the tape was irrelevant to the obstruction of justice charge, which stemmed from a phone call that Nesgoda made to Basso in March 2003. The District Court sustained this objection and refused to allow Nesgoda to play the tape. We review that ruling for an abuse of discretion. *United States v. Sokolow,* 91 F.3d 396, 402 (3d Cir.1996). We conclude that the District Court did not abuse its discretion.

The District Court allowed Nesgoda wide latitude in attempting to impeach Basso on cross examination. Counsel was allowed to ask about the witness's failed attempt to "reconcile" with Nesgoda, and to develop a picture of a fractured relationship between the two. The transcript of the answering machine call was not authenticated and the voice on the tape was not identified as being Basso's. Although defense counsel represented that the call was made in 2000 or 2001, the timing of the call was speculative. Assuming the call took place when defense counsel said, and that Basso was the person calling Nesgoda, we conclude that the District Court did not abuse its discretion in excluding the tape during the sentencing hearing. Although Nesgoda attempts to argue that the tape established Basso's bias, any bias was developed when, on cross examination, it became clear that she and Nesgoda had previously "enjoyed" a personal relationship. Although the tape arguably would have allowed defense counsel to gild that lily, excluding it certainly does not rise to the level of an abuse of discretion.

Nesgoda also argues that his sentence must be vacated "because the facts supporting the enhancement were not elements of the crime and were neither admitted by [him] nor found by a jury (*Blakely v. Washington*)." Appellant's Br. At 14. The government argues that *Blakely* "does not apply to the Federal Sentencing Guidelines," Appellee's Br. at 21, and that Nesgoda failed to preserve the issue in any event. After the District Court imposed Nesgoda's sentence, the United States Supreme Court decided *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Briefly stated, "[t]he Court held that 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act that makes the Guidelines mandatory, was [unconstitutional] and that it must be severed and excised [from the Guidelines]." *United States v. Ordaz,* 398 F.3d 236, 239 (3d. Cir.2005). The Court also reaffirmed the holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), stating, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

Following that decision, Nesgoda asked to be resentenced pursuant to *Booker.* In *United States v. Davis,* 407 F.3d 162 (3d Cir.2005) (*en banc*), we explained how we would resolve direct appeals of sentences imposed before *Booker* was decided where courts had erroneously treated the Guidelines as mandatory rather

than advisory. We stated that where we could not determine "whether the District Court would have imposed a greater or lesser sentence under an advisory framework," prejudice in a plain error analysis "can be presumed." *Id.* at 164–65. We reasoned that, given the law of sentencing after *Booker,* "[f]ailure to remand for resentencing ... could adversely affect the fairness and integrity of the proceedings." *Id.* at 165. Thus, we concluded that defendants sentenced under the prior mandatory guideline regime whose sentences were on direct appeal when *Booker* was decided should have their sentencing challenge remanded to the District Court so that they could be resentenced pursuant to the pronouncements of *Booker.*

### III.

Accordingly, we will "vacate [Nesgoda's] sentence, and remand for consideration of the appropriate sentence by the District Court...." *Id., Davis* 407 F.3d at 166.