

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-10-2006

# USA v. Nesgoda

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4798

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Nesgoda" (2006). *2006 Decisions.* Paper 341.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/341

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4798

UNITED STATES OF AMERICA

v.

EDWARD NESGODA,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 03-cr-00019
District Judge: Sylvia H. Rambo

Submitted under Third Circuit LAR 34.1(a)
on July 14, 2006

Before: SMITH, WEIS and ROTH, <u>Circuit Judges</u>

(Opinion Filed October 10, 2006)

1

**ROTH**, Circuit Judge:

Edward Nesgoda appeals the judgment of sentence imposed by the United States District Court for the Middle District of Pennsylvania. For the reasons stated below, we will affirm the judgment of the District Court.

I. **Factual Background and Procedural History**

As the facts are well known to the parties, we give only a brief description of the issues and procedural posture of the case.

On January 29, 2002, Alma Basso notified the Bureau of Alcohol, Tobacco, and Firearms that her former boyfriend, Edward Nesgoda, was threatening to blow up the Schuylkill County Courthouse in Pottsville, Pennsylvania, over a disputed order for child support issued against him by the family court. The ATF arranged for Brasso to conduct a monitored phone call with Nesgoda during which Nesgoda acknowledged that he had assembled destructive devices and had threatened to blow up the Courthouse. A subsequent search of Nesgoda's residence yielded 19 grenades, 60 37mm "bird buster" rounds, a 37mm launcher, three firearms, ammunition, and materials used to manufacture grenades.

On January 22, 2003, a grand jury issued a two-count indictment charging Nesgoda with creating a substantial risk of bodily injury by destroying property, in

2

violation of 18 U.S.C. § 2332b(a)(1)(B) and (2), (b)(1)(B), and (c)(1)(F) and (G); and

possession of destructive devices, in violation of 26 U.S.C. § 5861(d) and (f). A

superseding indictment increased the number of destructive devices Nesgoda was alleged

to possess; added a count of manufacturing destructive devices in violation of 26 U.S.C. §

5861(d) and (f); and charged Nesgoda with intimidation of a witness in violation of 18

U.S.C. § 1512(b).[1] On November 6, 2003, Nesgoda pled guilty to Count Two of the

superceding indictment, which charged him with possession of unregistered destructive

devices.

The District Court found that the resulting Sentencing Guidelines Range was 121-

151 months, but the statutory maximum penalty was 120 months. On May 5, 2004,

Nesgoda was sentenced to a term of 120 months imprisonment.

Nesgoda appealed the sentence, and we remanded the case for re-sentencing

pursuant to the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005).

*See United States v. Nesgoda*, 143 Fed. Appx. 427 (3d Cir., July 28, 2005). On October

20, 2005, the District Court again sentenced Nesgoda to 120 months incarceration. This

timely appeal followed.

## II.     Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 ("The district
courts of the United States shall have original jurisdiction . . . of all offenses against the
laws of the United States."). We have jurisdiction under 28 U.S.C. § 1291. Also, we

---

[1] From prison, Nesgoda contacted Basso to threaten her against testifying.

3

have jurisdiction to review the sentence for reasonableness pursuant to 18 U.S.C. § 3742(a)(1). *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). Nesgoda has the burden of demonstrating the unreasonableness of the sentence. *Id.* at 332.

### III. Discussion

On appeal, Nesgoda argues that the District Court committed plain error by imposing a sentence without adequately articulating its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

Post-*Booker*, when reviewing a sentence for reasonableness, we must satisfy ourselves that the District Court "exercised its discretion by considering the relevant [§ 3553(a)] factors." *Cooper*, 437 F.3d at 329. More importantly, the District Court must address the arguments actually raised by the defendant. *See, e.g., Id.* (noting that "the District Court appropriately addressed [the defendant's] argument that her sentence was excessive considering her minimal criminal history compared to those of other, similarly sentenced defendants.").

Here, the record illustrates that the District Court considered the arguments raised by Nesgoda and considered them in the context of § 3553(a). Nesgoda raised the fact that his difficult incarceration at Terra Haute, a maximum security facility, is having a highly deterrent impact and ,therefore, a lesser sentence is warranted. More generally, Nesgoda has pointed out his good conduct in prison since the original sentence. The District Court then asked the prosecution to respond to Nesgoda's good conduct argument. There is no reason to conjecture that the District Court failed to take the aforementioned arguments

4

into account in light of this.

As to the sentencing factors, the District Court stated that "Under 18 U.S.C. Section 3553(a), the Court has considered all of those factors, including the history and characteristics of the Defendant, the need for adequate deterrence, and the protection of the public." Moreover, the District Court need not mechanically recite *every* sentencing factor. *Cooper*, 437 F.3d at 329 ("Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.").[2] In light of the above, we conclude that the District Court properly considered the sentencing factors and that Nesgoda has failed to carry his burden of showing that his sentence is unreasonable.

## IV. Conclusion

For the above stated reasons, we will affirm the District Court's judgment of sentence.

---

[2] Even assuming *arguendo* that the District Court erred, we note that Nesgoda fails to articulate *plain* error in his sentencing. *United States v. Davis*, 407 F.3d 162, 164-5 (3d Cir. 2005) (using the plain error analysis where the defendant did not raise the *Booker* issue before the District Court). In this case, prejudice cannot be presumed since the District Court applied the Sentencing Guidelines in an advisory fashion. *Id.*